IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' PENSION TRUST FUND, ET AL., | CIVIL NO. 17-00445 JMS-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DME CONCRETE & MASONRY, INC. |
| vs. | |
| DME CONCRETE & MASONRY, INC., ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DME CONCRETE & MASONRY, INC.[1]

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendant DME Concrete & Masonry, Inc., filed on December 1, 2017 ("Motion"). ECF No. 13. Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 13-9 at 3. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 15. After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on September 6, 2017. ECF No. 1, Compl. The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Id. ¶¶ 12-15. Contributions were to be paid on or before due dates specified in the collective bargaining agreement. Id. ¶ 15. Plaintiffs claim that Defendant failed to make required contributions. Id. ¶ 17. Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. Id. ¶¶ 17-24. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on October 5, 2017. ECF No. 10. The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment

as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
>
> (2) the merits of plaintiff's substantive claim;
>
> (3) the sufficiency of the complaint;
>
> (4) the sum of money at stake in the action;
>
> (5) the possibility of a dispute concerning material facts;
>
> (6) whether the default was due to excusable neglect; and
>
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also,

3

"necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claim under ERISA. See 29 U.S.C. §§ 1401(b)(1). Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs filed a return of service on September 13, 2017, noting that Defendant had been personally served through its agent. ECF No. 7. This service is sufficient to establish jurisdiction over Defendant.

**B. Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

**1. The Possibility of Prejudice to Plaintiffs**

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

**2. Merits of Plaintiffs' Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiffs brought this action against Defendant for unpaid contributions, liquidated damages, interest, and attorneys' fees owed to Plaintiffs under the terms of the collective bargaining agreement. See 29 U.S.C. §§ 1132(a), 1145; ECF No. 1 ¶¶ 17-24. The terms of the collective bargaining agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. ECF No. 1 ¶ 14. Defendant failed to make required

contributions to Plaintiffs. Id. ¶ 17. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant related to unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. This factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

As detailed above, the allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint, which weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $33,994.71 in unpaid contributions, $10,395.71 for liquidated damages, $7,890.60 in interest, and $3,317.90 in attorneys' fees and costs. ECF No. 13-1 at 8-9. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions. The Court finds that this factor weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18.

Defendant has been given a fair amount of time to answer the Complaint and deny the allegations therein; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant on September 11, 2017. ECF No. 7. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion. ECF No. 13-9 at 3. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D.

Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant.

## C. Damages

Plaintiffs request (1) $33,994.71 in unpaid contributions; (2) $10,395.71 for liquidated damages; (3) $7,890.60 in interest; and (4) $3,317.90 in attorneys' fees and costs. ECF No. 13-1 at 8-9. Each category of requested relief is addressed below.

### 1. Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $33,994.71. In support of this contention, Plaintiffs submitted the declaration of Karen Tamashiro, the Collections Managers for Plaintiffs' Administrative Office ("Tamashiro Decl."). ECF No. 13-3. Additionally, Ms. Tamashiro attached to her Declaration a summary ledger reflecting the balances due. See ECF No. 13-8. The

summary submitted by Plaintiffs reflect $33,994.71 in outstanding contributions for the relevant time period of November 2015 through August 2016.  Id.  The Court finds Plaintiffs have established damages in the amount of $33,994.71 for delinquent contributions.

### 2. Liquidated Damages

Plaintiffs seek liquidated damages of $10,395.71.  In support of this amount, Plaintiffs submitted the declaration of Ms. Tamashiro and a summary of the account that reflects $10,395.71 in liquidated damages.  ECF Nos. 13-3, 13-8.  However, the collective bargaining agreement provides that liquidated damages shall be "ten percent (10%) of such delinquent and unpaid contributions."  ECF No. 13-7 at 41.  The amount requested by Plaintiffs far exceeds the ten percent allowed for in the collective bargaining agreement.  Plaintiffs do not explain why the amount requested does not reflect ten percent of Defendant's delinquent contributions.  See ECF No. 13-1.  Further, 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages "in an amount not in excess of 20 percent" of the unpaid contributions.  See 29 U.S.C. § 1132(g)(2)(C).  Again, the amount requested by Plaintiffs exceeds the twenty percent allowed by statute and Plaintiffs do not explain how they arrived at the requested amount.  See ECF No. 13-1.  Based on Plaintiffs' documentation, the terms of the collective bargaining

agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $3,399.47, which is ten percent of the requested unpaid contributions.

### 3. Interest

Plaintiffs seek $7,890.60 in interest. The calculation of this amount is detailed in Plaintiffs' Motion. See ECF No. 13-1. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover interest on the unpaid contributions. See ECF No. 13-7 at 41; 29 U.S.C. § 1132(g)(2). Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established damages in the amount of $7,890.60 in interest.

### 4. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreement requires Defendant to pay "reasonable attorney's fees and costs." ECF No. 13-7 at 41. Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v.

SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

Here, Plaintiffs request $3,317.90 for attorneys' fees, costs, and taxes. ECF No. 13-4, ¶ 3. First, the Court finds that the hours requested are reasonable. See ECF No. 13-5. Second, regarding the reasonably hourly rates, Jared N. Kawashima, Esq. was admitted to the Hawaii bar in 1994, and requests $250 per hour for 0.9 of the hours worked. Id.; ECF No. 13-4 ¶ 6. Christin D.W. Kawada, Esq. was admitted to the Hawaii bar in 2013, and requests $195 per hour for 12.9 of the hours worked. Id.; ECF No. 13-4 ¶ 8. Based on this Court's knowledge of the community's prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court finds that the hourly rates requested are reasonable. Accordingly, the Court finds that the following attorneys' fees are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Jared N. Kawashima, Esq. | 0.9 | $250.00 | $225.00 |
| Christin D.W. Kawada, Esq. | 12.9 | $195.00 | $2,515.50 |
| SUBTOTAL | | | $2,740.50 |
| *Hawaii General Excise Tax of 4.712%* | | | $129.13 |
| TOTAL | | | $2,869.63 |

Plaintiffs also request $448.27 in costs for copying,

postage, messenger fees, and filing fees.  ECF No. 13-5.  The Court finds that the costs requested by Plaintiffs are reasonable.  In total, the Court recommends that the district court award $3,317.90 in attorneys' fees, costs, and taxes.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1) Plaintiffs' request for default judgment against DME Concrete & Masonry, Inc. be GRANTED; and

(2) Plaintiffs be awarded damages in the amount of $33,994.71 in unpaid contributions, $3,399.47 for liquidated damages, $7,890.60 in interest, and $3,317.90 in attorneys' fees and costs against DME Concrete & Masonry, Inc.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 27, 2017.

Richard L. Puglisi
United States Magistrate Judge

**HAW. MASONS' PENSION TRUST FUND, ET AL. v. DME CONCRETE & MASONRY, INC., ET AL.; CIVIL NO. 17-00445 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DME CONCRETE & MASONRY, INC.**